## Case No. 14,725.

### UNITED STATES v. CARLTON.

[1 Gall. 400.] 1

Circuit Court, D. Massachusetts. May Term. 1813.

PRACTICE AT LAW—QUESTION OF LAW—APPEAL—IMMATERIAL ERROR.

1. It is error for the court to declare a question of law to be a question of fact.

2. Although an error appear on the record. yet, if in distinct pleadings, a complete bar is shown to the action. the judgment must be affirmed.

[Cited in McNulty v. Batty, 2 Pin. 58.]

[In error to the district court of the United States for the district of Maine.

[This was an action by the United States against William Carlton.]

STORY. Circuit Justice. What constitutes an importation is, when all the facts are given, a question of law. Under the circumstances of the present case, the judge in the court below ought to have instructed the jury, at what time the importation in point of law took place, so as to attach the right to duties thereon. if they believed the evidence; and not have left the whole as a matter of fact for their consideration. There was error. therefore, in deciding that it was a mere question of fact proper for the consideration of the jury, as the judge below seems to have held. I say "seems to have held," for the language is singularly obscure, and can have no other rational interpretation. This error would, in general. be a sufficient ground for a reversal of the judgment. But it appears from the pleadings (on the technical accuracy of which we give no opinion). that the defendant, on the day the bond became due, tendered the full sum contained in the alternative of the condition of the bond, in discharge thereof. This we have held in U. S. v. Thompson [Case No. 16,486],

1 [Reported by John Gallison, Esq.]

to be a legal discharge thereof; and as therefore in no event could the United States have had judgment on the facts admitted by the pleadings. we are bound to affirm the judgment. notwithstanding the error in the opinion of the court.

Judgment affirmed.